Per Curiam.

This is an action for declaratory judgment to determine the legal effect of a patent license agreement between the parties. The plaintiff is the licensee under the said agreement with the defendant as licensor.
The pertinent provisions of the agreement are as follows:
“ 2. Licensee shall pay to Licensor royalties for all articles sold, distributed and manufactured hereunder by Licensee or for the account of Licensee, at the rate of five (5%) percent of Licensee’s net sales price, i.e., invoice price less trade and cash discounts and freight allowances.
*825 “In the event that the royalties payable under this agreement during any twelve (12) months’ period subsequent to the termination of the present war shall not equal fifteen thousand ($15,000) dollars, Licensor shall have the right to notify Licensee of the amount of the deficiency. Licensee shall thereupon within sixty (60) days pay to Licensor the difference between the actual royalties received by Licensor during the preceding twelve (12) months’ period and fifteen thousand ($15,000) dollars. In the event that Licensee fails to make such payment, Licensor may terminate this agreement. * * *
“ 4. (a) If Licensee shall fail or refuse to make payment of royalties, or render statements to Licensor as provided for herein, Licensor may give written notice to Licensee specifying the claimed particulars of such failure or refusal and in the event Licensee shall not remedy such default within sixty (60) days after such notice, Licensor shall have the right thereafter to terminate this agreement by giving ten (10) days’ written notice to Licensee to that effect. - * *
“ 11. 3 * * If, within four (4) years after the termination of the present war, as hereinbefore defined, the gross sales of any individual product, the manufacture of which shall have been undertaken by Licensor [sic], shall not equal fifty thousand ($50,000) dollars during the preceding twelve (12) months’ period, Licensor may, at its option, manufacture or license others to manufacture such products.”
Heither party contends for ambiguity in the agreement, and we think that the question of its legal effect is a matter for the determination of the court.
The Special Term has held that the plaintiff is obligated during the life of the agreement to pay the minimum sum of $15,000 annually to the defendant, and that the option to terminate the agreement in default of such payment is an additional right of the defendant under the contract.
Considering the whole of the agreement, however, we do not agree with this construction. In our opinion the contract does not impose any obligation to pay royalties unless actually earned. There is nothing in the language of the agreement requiring the payment of $15,000 per year without reservation and at all events. If this had been the contractual intent, the parties ought to have expressed such intention in clear and unmistakable terms. We construe the agreement to mean that the licensee is obligated to pay actual royalties and that the licensor has reserved a right of cancellation in the event that such payment does not equal the sum of $15,000 or more annually.
The provisions of article 2 deal separately with the licensee’s obligation to pay royalties on goods actually manufactured and sold, and with the licensor’s rights in the event that the annual royalties are not paid in the minimum sum as fixed by the agreement. In the first instance there is the specific requirement that the “ Licensee shall pay ”, and in the latter that the “ Licensor shall have the right to notify Licensee of the amount of the deficiency.” The differentiation in language was obviously intended to establish a different measure for determining the rights and obligations of the parties. We are fortified in this view by subdivision (a) of article 4, in which we find reference to the right of termination only, and no suggestion that the licensor shall possess any other or additional right. Again, if the agreement unconditionally and absolutely obligated the licensee to pay $15,000 annually, the provisions of article 11 would seem to be without reason or purpose. This clause, however, was evidently intended to cover the situation where the actual royalties paid to the licensor were less than $15,000 during any year, but the licensor nevertheless elected to continue the contract in full force and effect.
*826 The judgment and order appealed from should be reversed, with costs to the plaintiff-appellant, and judgment should be directed in favor of the plaintiff as prayed for in the complaint.
Dore, J. P., Cohn, Callahan, Yan Yoorhis and Shientag, JJ., concur.
Judgment and order unanimously reversed, with costs to the appellant, and judgment directed in favor of the plaintiff as prayed for in the complaint. Settle order on notice. [See post, p. 923.]